## John C. Stewart v. Mary Butts.

1. JURY—*Power to Discredit Testimony.*—A jury will be justified in discrediting the evidence of a witness who shows himself, by his testimony, to be a scoundrel.

2. EXCESSIVE DAMAGES—*When the Question Can Not be Raised in the Appellate Court.*—The question of excessive damages, when it is not raised in the court below on a motion for a new trial, can not be assigned as error in the Appellate Court.

Trespass on the Case, for negligence in loaning money. Error to the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

GEO. W. THOMPSON and J. A. McKENZIE, attorneys for plaintiff in error.

FLETCHER CARNEY and E. P. WILLLIAMS, attorneys for defendant in error.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This case was in this court upon a former appeal by the plaintiff in error herein and the judgment of the Circuit Court was by this court reversed and the cause remanded for erroneous instructions given for the appellee. We refer to that case for a more particular statement of the facts.

Appellee recovered verdict and judgment in the court below for the sum of $819.78. The cause of action, generally stated, was the negligence of the plaintiff in error as a loan agent in loaning the moneys of the defendant in error and not taking proper security, by reason of which the money of the defendant in error was lost. Complaint is made as to defendant in error's instructions and modification of the

plaintiff in error's instructions, but without noticing them in detail, we are of the opinion that the court committed no serious error in giving or modifying any of them. It was then a question of fact fairly presented to the jury as to whether the plaintiff in error was an agent of the defendant in error in lending her money, or was simply acting as a friend, sending her money to a Mr. Wetmore, who operated and loaned her money in Des Moines, Iowa. The money was loaned by Wetmore or pretended to be loaned to a man by the name of Albright, and Albright gave his note and a mortgage on a lot in Des Moines, as security, but as the evidence showed, Albright was but a mere tool for Wetmore in enabling him to embezzle the money of the defendant in error. Albright had no title to the lot, nor did he receive any money, nor could anything be made out of him when he was sued on the note. The money was, therefore, lost. It is true that the plaintiff in error and Wetmore both testified that plaintiff in error was not an agent in loaning the money but acted gratuitously. The jury were clearly justified in disregarding the entire testimony of such a scoundrel as Wetmore; and there were a number of circumstances disclosed by the evidence that went strongly to discredit the testimony of the plaintiff in error, such as his receipt and his letter to Mrs. Lois, of February 24, 1885, which showed that he was an agent to loan money in connection with Wetmore or some other person in Des Moines, Iowa; which letter was written about four months before this money was received to loan. Under these circumstances the jury were fully justified in finding, by their verdict, that the plaintiff in error received the money of defendant in error as a loan agent in partnership with Wetmore or jointly with him.

It is claimed the damages are excessive, because too much interest was allowed. Without determining that question we think the plaintiff in error can not raise that point here, as no such claim was made in the motion for a new trial in the court below, where, if there had been any grounds for the complaint, the excess could have been remitted.

Finding no error in the record the judgment of the court below is affirmed.